JOSEPH RUSHO, APPELLANT, v. CHARLES U. RICHARDSON ET AL., APPELLEES.

FILED OCTOBER 18, 1906. No. 14,458.

1. **Pleading**: AMENDMENT. Action of the trial court in permitting amendment of the pleadings during the progress of the trial examined, and *held* not prejudical.

2. **Evidence** examined, and *held* sufficient to sustain the judgment of the trial court.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*A. S. Moon, A. R. Humphrey* and *E. J. Clements,* for appellant.

*Beall & Shinn* and *H. M. Sullivan, contra.*

OLDHAM, C.

This is an action in replevin. The facts underlying the controversy are that on the 2d day of July, 1904, a

judgment was rendered in the district court for Custer county, Nebraska, in favor of Tolef Olsen and against one Gustave W. Wilde in the sum of $2,500, and costs; that at the time of the rendition of this judgment Wilde was the owner of a stock of general merchandise in the village of Sargent in Custer county, Nebraska. On the 8th day of July, 1904, Wilde sold his stock of merchandise for $1,250 in cash to Joseph Rusho, who is the plaintiff in this action. On the 11th day of July, 1904, an execution was issued on the judgment in favor of Olsen and against Wilde, and placed in the hands of the defendant sheriff, who, by his deputy, levied the execution on the stock of goods in Sargent, formerly owned by Wilde, and then in possession of plaintiff Rusho. When the goods were seized on this execution, Rusho replevied them from the sheriff and his deputy. There was a trial to the court and jury, and a verdict and judgment for the defendant. To reverse this judgment plaintiff has appealed to this court.

When the petition was filed, defendants answered, denying "the material allegations in the plaintiff's petition," and also specifically denying in numerous allegations plaintiff's ownership. As the pleading then stood, it was defectively drawn, but amounted to an amplified general denial. After the trial of the cause had begun, the court, over plaintiff's objections, permitted defendants to file a general denial, coupled with specific allegations of fraud in the alleged purchase of the stock of goods by plaintiff from Wilde. The action of the trial court in permitting this amendment, and in overruling the plaintiff's motion for a continuance on the ground of surprise, is alleged against as error in the appellant's brief. The defective answer first filed had not been attacked either by motion or demurrer, and in a replevin action, under a general denial, fraud in the purchase of the goods by plaintiff may be shown without being specifically pleaded. The answer first filed was sufficient to inform plaintiff that defendants relied on a general denial, even though it was defectively pleaded. When the court permitted the defense

of a general denial to be properly pleaded, there was nothing in this action, standing alone, to show so much of surprise to the plaintiff as would warrant us in holding, in the absence of any other showing, that the court acted arbitrarily, and in violation of the sound discretion reposed in it, in refusing plaintiff's request for a continuance because of this alleged change in the issues.

It is next urged that the evidence is not sufficient to sustain the judgment. The evidence shows that plaintiff Rusho was engaged in the mercantile business in the village of Taylor, about 11 miles distant from Sargent; that he was not acquainted with Wilde until the day he made the purchase of the stock of goods in controversy; that plaintiff's son, the day before the purchase, advised his father to go over to Sargent and buy the goods from Wilde; that plaintiff took $1,250 in money with him and went over to Sargent, arriving there about 10 o'clock in the morning, July 8, 1904; that after arriving at Sargent and looking over the stock of goods, he offered Wilde $1,250 for it, without taking any invoice, and then telephoned to Mr. Moon, his attorney at Taylor, to come to Sargent and prepare a bill of sale for them. Mr. Moon arrived about 2 o'clock in the afternoon, and drew up a bill of sale for the entire stock of goods, which was delivered to Rusho, and Rusho had the $1,250 counted and delivered to Wilde in the presence of Mr. Moon and the railroad station agent, who had been called in to witness the purchase. The evidence shows that at the time of the transaction Wilde was insolvent, and that Rusho knew of the judgment against Wilde in the district court, but says that he did not know how much the judgment was. After receiving the bill of sale from Wilde, there is evidence that Rusho advised Wilde to get out of the country as quickly as possible and to go to the Rocky Mountains, and that, acting on this suggestion, Wilde went out into the country, and stayed all night at a farm house, and took the train next day for Bonesteel, South Dakota. There is also evidence that as soon as Rusho got posses-

sion of the stock of goods he began to dispose of them in job lots and prepare to take what was left over to Taylor. There is evidence tending to show that the stock of goods was actually worth betweeen $2,500 and $3,000.

Under all these facts and circumstances connected with the purchase of the goods, we think the evidence is sufficient to sustain the verdict of the jury, which found, in substance, that the transaction was entered into by the plaintiff with full knowledge of the fraudulent intent of Wilde in making the transfer. As these are the only alleged errors pointed out in the brief, we recommend that the judgment of the trial court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.